DECISION
Plaintiff has appealed from Defendant's Notice of Proposed Refund Adjustment dated April 14, 2008, which reduced Plaintiffs reported refund for 2007 by denying the child care credit and working family credit. After the initial case management conference, held October 13, 2008, the court gave the parties an opportunity to try and resolve the matter informally. Plaintiff submitted additional information to Defendant about the claimed credits, and Defendant then submitted a status report to the court. That report states Defendant's opinion is that Plaintiff is not entitled to either of the credits because the payments that Plaintiff made to the child care provider were Plaintiffs child support payments; that the payments were not incurred to enable Plaintiff to work; and that Plaintiffs daughter is not a qualifying child under applicable laws and regulations.
The court discussed the matter with the parties at a conference management call on November 5, 2008, at which time Plaintiff opined that he paid for child care and should be allowed to the two credits. Defendant confirmed its position that the credits should not be allowed. The parties agreed to the relevant and material facts and asked the court to issue a decision determining whether Plaintiff was entitled to the credits. *Page 2 
 I. STATEMENT OF FACTS
Plaintiff and his former wife Kori have a daughter named Marley, born August 17, 2005. Plaintiff and Kori were legally divorced June 6, 2007. They have joint custody of their daughter, with the child spending approximately 40 percent of her time with Plaintiff, and remainder with her mother.[1] Marley sleeps at her mother's home five nights per week, and at Plaintiffs home two nights per week.
Because of Plaintiff and Kori's work schedules (Plaintiff works several evenings each week, from 5 p.m. to 2 a.m., and Kori works weekdays from 8 a.m. to 5 p.m.), their daughter is in child care two mornings each week (Wednesday and Thursday), from 8 a.m. until noon. Kori takes Marley to day care on those mornings, and Plaintiff picks her up around noon after he wakes up from sleeping, having returned home from work sometime after 2 a.m.
Under the terms of Plaintiff s Judgment of Dissolution, Plaintiff is required to pay child support in the amount of $325 per month. (Def s Exs B and C.) Plaintiff pays the $325 monthly child support directly to the child care provider for his daughter's monthly child care. For 2007, Plaintiff reported child care expenses in the amount of $2,698, a working family credit (WFC) of $1079, and a child care credit (CCC) in the amount of $809. (Def s Ex E 1: Schedule WFC; Ptf s Compl at 4: Oregon Form 406; Ptf s Compl at 6, 7.) The parties agree Plaintiff has substantiated the child care expense payments to the Salem Family YMCA. (see also Ptf s Compl at 3: 2007 Child Care Serv's Stmnt.)
The issue in this case is whether Plaintiff is entitled to the WFC and the CCC for the payments he made to his daughter's child care provider in 2007, or whether those payments are 1) nondeductible child support payments; 2) disallowed because they were not incurred in order *Page 3 
to enable Plaintiff to be gainfully employed; or 3) disallowed because the child is not a qualifying child.
 II. ANALYSIS
ORS 315.262[2] provides a refundable credit for certain low-income taxpayers to partially offset the taxpayer's qualifying child care expenses incurred to enable the taxpayer to work or go to school. The credit is based on a percentage of the taxpayer's qualifying child care expenses and is known as the "working family child care credit," or WFC. In addition to the WFC, ORS 316.078 provides for a nonrefundable credit for certain employment-related expenses, including child care, paid by a taxpayer for the care of a dependent child or children. That credit is commonly referred by the short title "child care credit," or CCC. Plaintiff claimed both credits on his 2007 return.
A. Child Support or Child Care?
Pursuant to the terms of Plaintiff's dissolution decree, he was responsible for child support payments in the amount of $325 per month. Plaintiff acknowledges that the payments he made to the child care provider were in lieu of the child support payments he was required to make to his former spouse Kori for the support of their daughter Marley. Child support payments are not included in the gross income of the spouse receiving the payments (i.e., Kori), per Internal Revenue Code (IRC) section 71(c)(1), [3] and, as a result, are not deductible by Plaintiff as the payor. See Linder v. Dept. of Rev., 18 OTR 11, 14
(2004) (noting that "child support payments are not taxable to the recipient," and that "[a]ny payment not taxable to the recipient would be nondeductible for the payor.") Accordingly, the payments Plaintiff made are *Page 4 
properly construed as child support payments, not child care payments and, therefore, cannot be used to claim the child care credits here at issue.
B. Working Family Credit — ORS 315.262
1) Gainful Employment
In order to claim the WFC under ORS 315.262, the child care payments must be made for the purpose of allowing the taxpayer to be gainfully employed. Under the applicable statutory scheme, taxpayers are allowed a WFC "equal to the applicable percentage of the qualified taxpayer's child care expenses." ORS 315.262(2). ORS 315.262(1)(b) specifies that the "child care expenses" are "costs associated with providing child care to a qualifying child of a qualified taxpayer." The "child care" must be "for the purpose of allowing the taxpayer to be gainfully employed." ORS 315.262(1)(a). In this case, the facts show that child care was necessary to enable Kori to work. Kori dropped her daughter off at daycare two mornings a week on her way to work, and Plaintiff picked his daughter up around noon. As such, the payments were not necessary to enable Plaintiff to be gainfully employed, and he is not entitled to the WFC.
2) Qualifying Child
Additionally, ORS 315.262(1)(e) provides that a "`Qualifying child' has the meaning given that term in section 152 of the Internal Revenue Code." IRC section 152(c)(1)(B) defines a "qualifying child" as an individual "who has the same principal place of abode as the taxpayer for more than one-half of [the] taxable year." The facts show that Plaintiff's daughter spends less than half of her time with her father, which means that Plaintiff's home is not his daughter's "principal place of abode." Marley spends five nights at her mother s house, and two nights at Plaintiff's home. Overall, Plaintiff is with his daughter only about 40 percent of the time. Accordingly, Plaintiff is not allowed to claim the WFC. *Page 5 
C. Child Care Credit — ORS 316.078
ORS 316.078 provides for a credit based on "a percentage of employment-related expenses allowable pursuant to section 21 of the Internal Revenue Code." As explained above, the expenses in this case are not related to Plaintiff's employment, but, instead, enable his former wife to work. Moreover, expenses allowable pursuant to IRC section 21 are for the care of a "qualifying individual," defined in that section as the dependent of the taxpayer "as defined in section 152(a)(1)," which in turn requires that the parent claiming the credit have the same principal place of abode as the dependent. Again, the court has already concluded that Plaintiff and his daughter do not have the same "principal" place of abode because Marley spends the majority of her time with her mother. Accordingly, Plaintiff is precluded from claiming the child care credit provided in ORS 316.078.
 III. CONCLUSION
For the reasons set forth above, the court concludes that Plaintiff is not entitled to the working family credit provided in ORS 315.262 or the child care credit provided in ORS 316.078 because he does not qualify for either of the credits for 2007. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this day of December 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed. *Page 6 
 This document was signed by Magistrate Dan Robinson on November 21,2008. The Court filed and entered this document on November 21,2008.
[1] Plaintiff stated he has his daughter from Sunday at 5 p.m. until Tuesday at 5 p.m., Wednesday and Thursday from noon until 5 p.m., and Friday from 7:30 a.m. until 5 p.m., for a total of 67.5 hours. There are 168 hours in a week; 67.5 ÷ 168 = .4018, or 40 percent.
[2] All references to the Oregon Revised Statutes (ORS) are to 2005.
[3] All references to the Internal Revenue Code are to 2007. *Page 1