T.C. Summary Opinion 2011-91

UNITED STATES TAX COURT

DAN VLADIMIR NICOLAS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28343-09S.                    Filed July 14, 2011.

Dan Vladimir Nicolas, pro se.

John D. Davis, for respondent.

VASQUEZ, Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code (Code) in
effect when the petition was filed.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, all section references are to
the Code in effect for the year in issue, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $937 deficiency in petitioner's 2007 Federal income tax. The issue for decision is whether petitioner is entitled to deduct as alimony under section 215 court-ordered payments of attorney's fees and costs to his former wife.

## Background

Some of the facts have been stipulated and are so found. The stipulations of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Oregon when the petition was filed.

Petitioner was formerly married to Marta Eugenia Nicolas (Ms. Nicolas). In 2003 the Oregon Circuit Court for Multnomah County (State court) entered judgment dissolving their marriage (dissolution judgment). The dissolution judgment ordered petitioner to pay spousal support to Ms. Nicolas of $400 per month from March 1 through October 1, 2003. The dissolution judgment also contained a provision allowing the parties to request attorney's fees and costs.

In 2004 the State court granted Ms. Nicolas' request for attorney's fees and issued a supplemental judgment for attorney fees (supplemental judgment) ordering petitioner to pay Ms. Nicolas attorney's fees and costs of $6,829. The State court concluded such an award was appropriate because petitioner had more funds available and was in a better position to pay than Ms.

Nicolas. The supplemental judgment states that the award of attorney's fees and costs is in addition to, and not in lieu of, the judgments granted in the dissolution judgment. The supplemental judgment does not state whether petitioner's obligation to pay the attorney's fees and costs would continue if Ms. Nicolas were to pass away. Petitioner was not required to pay the attorney's fees and costs until 18 months after the supplemental judgment was signed; but once the payment became due, interest accrued until paid.

During 2007 petitioner paid $6,178 of the attorney's fees and costs. He deducted this amount on his Form 1040, U.S. Individual Income Tax Return, for 2007. Respondent determined, in a notice of deficiency, that petitioner was not entitled to deduct as alimony the $6,178 of attorney's fees and costs petitioner paid to Ms. Nicolas.

### Discussion

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving his entitlement to the claimed deductions. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Section 215(a) permits a deduction for the payment of alimony during a taxable year. Section 215(b) defines "alimony" as alimony which is includable in the gross income of the recipient under section 71. Section 71(b)(1) defines alimony as

any cash payment meeting the four criteria provided in subparagraphs (A) through (D) of that section.[2]  Accordingly, if any portion of the payments made by petitioner fails to meet any one of the four enumerated criteria, that portion is not alimony and petitioner cannot deduct it.

The parties agree that the requirements of subparagraphs (A), (B), and (C) have been satisfied.  They disagree solely about whether the payments satisfy subparagraph (D); i.e., whether the obligation to pay the court-ordered attorney's fees

---

[2]  Sec. 71(b)(1) provides:

SEC. 71(b). Alimony or Separate Maintenance Payments Defined.--For purposes of this section--

(1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--

(A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

and costs would have terminated in the event of the death of Ms. Nicolas.

Under section 71(b)(1)(D), in order to deduct a payment as alimony the payor must have no liability to continue making payments after the recipient's death; otherwise the payor may not deduct any required related payments. See <u>Johanson v. Commissioner</u>, 541 F.3d 973, 976-977 (9th Cir. 2008), affg. T.C. Memo. 2006-105; <u>Kean v. Commissioner</u>, 407 F.3d 186, 191 (3d Cir. 2005), affg. T.C. Memo. 2003-163. If the divorce instrument is silent as to the existence of a postdeath obligation, the requirements of section 71(b)(1)(D) may still be satisfied if the payments terminate upon the payee spouse's death by operation of State law. <u>Johanson v. Commissioner</u>, <u>supra</u> at 977. If State law is ambiguous in this regard, however, a "'federal court will not engage in complex, subjective inquiries under state law; rather, the court will read the divorce instrument and make its own determination based on the language of the document.'" <u>Id.</u> (quoting <u>Hoover v. Commissioner</u>, 102 F.3d 842, 846 (6th Cir. 1996), affg. T.C. Memo. 1995-183).

The supplemental judgment is silent as to whether petitioner's obligation to pay the attorney's fees and costs would terminate in the event of Ms. Nicolas' death. Thus, we consider whether the payments terminate by operation of Oregon law.

Or. Rev. Stat. section 107.105(1)(j) (2009) authorizes a court granting a dissolution of marriage to order one party to pay reasonable attorney's fees and costs to the other party or the other party's attorney. There is no provision in Or. Rev. Stat. section 107.105(1)(j) or any related statute terminating the payor's obligation to pay attorney's fees upon the death of the payee spouse. Furthermore, rule 68 of the Oregon Rules of Civil Procedure, which governs the procedure for the allowance of attorney's fees, does not state whether the payor's obligation to pay attorney's fees ceases on the death of the payee. The parties point us to no authority, and we have discovered none, that expressly states whether the obligation of court-ordered payment of attorney's fees and costs ceases upon the death of the payee spouse. Additionally, caselaw provides no assistance as there is uncertainty under Oregon law whether spousal support payments terminate upon the death of the payee spouse. See Linder v. Dept. of Revenue, 18 Or. Tax 11, 15 n.4 (2004) (Oregon Tax Court noting the disagreement under Oregon law as to whether spousal support payments terminate upon the death of the payee spouse). Therefore, we conclude that Oregon State law is ambiguous.

Finally, faced with a silent court order and no State law resolution of the question, we independently review the judgment itself to make our own determination as to the satisfaction of the section 71(b)(1)(D) requirement. See Hoover v. Commissioner,

supra at 846.  Nothing in the judgment indicates that petitioner's obligation to pay Ms. Nicolas' attorney's fees would terminate on her death.  In fact the supplemental judgment specifically requires petitioner to pay interest on the attorney's fees until paid.  Such payment is not made contingent on any factor or event.  We have no reason to conclude that petitioner's obligation to pay Ms. Nicolas' attorney's fees terminates on her death.  Hence, the payments do not satisfy the requirements of section 71(b)(1)(D), and petitioner is not entitled to deduct as alimony the payments to Ms. Nicolas for attorney's fees and costs.

To reflect the foregoing,

Decision will be entered for respondent.